In re Estate of John Kustes, Deceased. Gertrude Kustes, Administratrix of the Estate of John Kustes, Deceased, Appellant, v. Hanna Kustes and Mary Kustes, Appellees.

Gen. No. 8,978.

Opinion filed February 10, 1936. Rehearing denied April 6, 1936.

SIMS & STRANSKY, of Chicago, and A. M. BLODGETT, of Fulton, for appellant; FRANKLIN J. STRANSKY and A. M. BLODGETT, of counsel.

MCCALMONT, RAMSAY & BULL and J. A. RIORDON, all of Morrison, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

Appellees, Hanna Kustes and Mary Kustes, filed a joint claim amounting to $11,906.44 in the county court of Whiteside county against the estate of John Kustes, deceased. Hanna Kustes filed a separate claim in said court against the same estate in the amount of $101.04. Mary Kustes filed three separate claims, one

in the amount of $860.18, another in the amount of $574.52, and the third in the amount of $561.95. These claims were all set down for hearing on the same day and a single order was entered by the county court allowing all of said claims in full.

On the same day Gertrude Kustes, administratrix of the estate of John Kustes, deceased, excepted to the portion of the order allowing the joint claim of Hanna Kustes and Mary Kustes in the sum of $11,906.94 and also to that portion of the order allowing the claim of Mary Kustes in the sum of $860.18. An appeal bond in the amount of $26,000 was filed and approved by the court within 20 days and a transcript of the proceedings in the county court was duly filed in the circuit court.

Subsequently in said circuit court the said Hanna Kustes and Mary Kustes entered a special and limited appearance for the sole and only purpose of objecting to the jurisdiction of the circuit court and moved the court to dismiss the appeal. Likewise Mary Kustes entered her special and limited appearance in said circuit court and filed a similar motion. Upon a hearing, these several motions were sustained and an order was entered on May 8, 1935, dismissing the appeal. On the following day, Gertrude Kustes, administratrix of the estate of John Kustes, deceased, filed in said circuit court her motion for leave to file a new appeal bond in the matter of the joint claim of Hanna and Mary Kustes and a like motion for leave to file a new appeal bond in the matter of the individual claim of Mary Kustes and on May 13, 1935, filed her motion for severance of these two claims. These motions were heard by the court and on May 24, 1935, denied. Thereafter the administratrix, on May 28, 1935, filed a motion for an order for leave to file a good and sufficient bond covering the joint claim of Hanna and Mary Kustes and moved the court to proceed with the trial of said joint claim in the

same manner as though said claim of Mary Kustes had not been included in the appeal. Upon a hearing this motion was denied on May 28, 1935. The administratrix also entered her motion to set aside and vacate the order of May 24, 1935, and to enter an order dismissing the individual claim of Mary Kustes against the estate of John Kustes, being the claim theretofore allowed in the probate court for $860.18. This motion, on May 28, 1935, was also denied by the circuit court and on June 1, 1935, notice of appeal was filed, which stated that the administratrix appealed from the several orders of the circuit court entered on May 8, 1935, May 24, 1935, and May 28, 1935, and the record is in this court for review.

Appellant, the administratrix, contends that inasmuch as the five separate claims were heard at the same time in the county court by agreement of the parties and that inasmuch as a single order was entered by the county court allowing them, and that inasmuch as a single appeal bond was all that was required by the county court which approved said bond, that in effect said claims were treated by the county court as having been consolidated and therefore the court erred in dismissing her appeal. It is further urged that the claimants, appellees here, stood by in the county court, remained silent when the single order was approved allowing each of the several claims and made no objection in the county court to the appeal bond that was presented, nor did they interpose any objection to its approval and therefore they were estopped from urging in the circuit court that the appeal bond was insufficient. In support of this contention, appellees cite and rely upon *Milligan v. Miller,* 253 Ill. 511, *Oliver v. Ross,* 289 Ill. 624, and *Bondy v. Samuels,* 333 Ill. 535. We have read these cases which announce the general rule that estoppel may arise from silence, and from refraining from doing something, as well as by conduct and by words

where there is a duty to act or speak and the party on whom such duty rests has an opportunity to act and speak and knowing the circumstances keeps silent and does nothing, but here appellant was represented by counsel as were also appellees, and it was appellant's duty to perfect her appeal as provided by law, and in our opinion the doctrine of estoppel, as announced in the foregoing cases, is not applicable to the facts as shown by this record, nor does the record bear out appellant's contention that these claims were consolidated in the county court.

Under the provisions of the Administration Act, Ill. State Bar Stats. 1935, ch. 3, in all cases of the allowance of claims by the county court, either party may take an appeal from the decision rendered to the circuit court in the same manner as appeals are taken from justices of the peace to the circuit court. The Justices Act provides that an appeal shall be perfected by filing a bond within 20 days in twice the amount of the judgment and by paying the requisite filing fee. Ill. State Bar Stats. 1935, ch. 79, ¶ 116. The record in the instant case discloses that on December 24, 1934, one order was entered allowing the claim of Hanna Kustes in the sum of $101.04, also allowing the claim of Hanna Kustes and Mary Kustes in the sum of $11,906.94, also allowing the claim of Mary Kustes in the sum of $574.52, also allowing the claim of Mary Kustes in the sum of $860.18, also allowing the claim of Mary Kustes in the sum of $561.95. The same order discloses that the administratrix excepted to the allowance of the claim of Hanna Kustes and Mary Kustes in the said sum of $11,906.94 and to the allowance of the claim of Mary Kustes in the said sum of $860.18, and prayed an appeal to the April term of the circuit court of Whiteside county, which was allowed upon the administratrix filing a bond in the penal sum of $26,000 within 20 days and with sureties to be approved by the court. On January 7,

1935, such a bond was filed and was approved by the county court. This bond was executed by the administratrix as principal and by George A. Smith, C. Burton Hollinshead and Gertrude Kustes as sureties, and named Hanna Kustes and Mary Kustes as obligees, and recited that on December 24, 1934, Hanna Kustes and Mary Kustes recovered a judgment against the estate of John Kustes, deceased, for $11,906.94, and that on the same day Mary Kustes recovered a judgment against said estate for the sum of $860.18, from which said judgments the administratrix had prayed for and obtained an appeal to the circuit court of Whiteside county.

It is conceded by counsel for appellant that each of the five claims filed in the county court against the estate of John Kustes, deceased, was independent of the other claims and constituted a separate and distinct cause of action. The bond which appellant filed in the county court was in the sum fixed by the county court. That sum was more than twice the aggregate amount of the two claims which appellant desired to have passed upon by the circuit court. This bond was executed by sureties and contained conditions which met with the approval of the county court and that court approved the bond within the time provided by law. The object and purpose of this appeal bond was to protect those in whose favor a judgment had been rendered in the county court. In this instance those parties were Hanna Kustes and Mary Kustes jointly and Mary Kustes individually. The bond named Hanna Kustes and Mary Kustes as obligees. It is apparent from this record that appellant sought to perfect an appeal to the circuit court from the order of the county court allowing the joint claim of Hanna and Mary Kustes in the sum of $11,906.04 and the individual claim of Mary Kustes in the sum of $860.18, and in our opinion the execution of this bond was suffi-

cient to confer jurisdiction on the circuit court so far as the joint claim of Hanna Kustes and Mary Kustes was concerned, and a reading of the bond inclines us to the opinion that it was an effort made in good faith by the administratrix to perfect an appeal from the county court of the judgment of the county court allowing not only the joint claim of Hanna and Mary Kustes, but also the individual claim of Mary Kustes in the sum of $860.18.

In *Schofield v. Thomas,* 231 Ill. 114, it appeared that upon the petition of John Thomas Schofield the probate court of Cook county had, on September 21, 1903, admitted the will of one Jane Ottman to probate. It further appeared that on February 15, 1905, the same court vacated its order of September 21, 1903, upon the ground that it was obtained by fraud. In 1905, Aaron Thomas, an heir at law of said Jane Ottman, filed his petition in the probate court of Cook county reciting the foregoing, and while he denied the validity of the will, he asked by his petition that the court determine whether the instrument was or was not the last will and testament of Jane Ottman. Schofield was made a party, and upon a hearing the probate court entered an order denying the probate of the proposed will. From that order an appeal was taken by Schofield to the circuit court and a bond was executed payable to the People of the State of Illinois. In the circuit court a motion was entered by Thomas to dismiss the appeal for want of jurisdiction. This motion was denied and upon a hearing the circuit court entered an order finding that the probate court was without jurisdiction to entertain the petition resulting in the order of February 15, 1905, which set aside the probate of the will and that such order of February 15, 1905, was void. The circuit court also held that the probate court was also without jurisdiction to entertain the petition of Thomas to deter-

mine the validity of the will and dismissed the petition. From that judgment an appeal to the Supreme Court was prosecuted. In its opinion the Supreme Court said that the appeal bond executed by Schofield in removing the case from the probate to the circuit court should have been made payable to Thomas and not to the People of the State of Illinois, but inasmuch as an attempt was made to file a bond, the proper course would have been for the circuit court to have ruled Schofield to file a new bond payable to Thomas and only to dismiss the appeal upon a failure to do so. The Supreme Court reversed the order of the circuit court dismissing the petition and remanded the cause to the circuit court with leave to Schofield to file a new bond payable to Thomas.

In the circuit court, the only reason assigned by appellees in their motions to dismiss the appeal was that the circuit court did not have jurisdiction to hear the appeal. There was no suggestion in their written motions that the appeal bond was insufficient. We are clearly of the opinion that the appeal bond was sufficient to give the court jurisdiction of the joint claim of Hanna Kustes and Mary Kustes, and that said joint claim of these appellees was properly before the circuit court for a hearing *de novo* as provided by the statute. The defect in the bond was not such as could not have been remedied and had appellant asked leave to file an appropriate bond or bonds prior to the time the appeal was dismissed by the circuit court on May 8, 1935, no doubt the court would have granted such leave, but no such request was made. The recitals in the appeal bond, so far as the individual claim of Mary Kustes is concerned, may be treated as surplusage, and while the bond was informal, it is not so defective as to preclude the circuit court from acquiring jurisdiction of the appeal, and therefore the trial court erred on May 8, 1935 in dismissing the appeal.

After the final order was made on May 8, 1935, appellant might thereafter have moved the trial court to vacate that order of dismissal, but she did not do so. In none of her subsequent motions did she request that this be done, and until that was done, the court properly declined to entertain the several motions made by her.

The judgment of the circuit court dismissing the appeal is reversed and this cause is remanded to that court with leave to appellant to file, if she shall so elect, a new appeal bond so far as the joint claim of Hanna Kustes and Mary Kustes for $11,906.94 is concerned and also with leave to file a new appeal bond if she shall so elect so far as the individual claim of Mary Kustes for $860.18 is concerned. Said bond or bonds to be approved by the court and to be filed within 10 days after the reinstatement of this case in the circuit court, and with directions to that court in case such new bond or bonds are filed to proceed to a trial *de novo*.

*Reversed and remanded with directions.*